## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

WACOM CO., LTD.,

                Plaintiff,

    v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATES
IDENTIFIED ON SCHEDULE "A"

                Defendants.

Case No. 1:25-cv-014083

JURY TRIAL DEMAND

## VERIFIED COMPLAINT

Plaintiff Wacom Co., Ltd. ("Plaintiff"), by and through the undersigned counsel, hereby alleges the following in support of its Complaint against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule "A" ("Defendants"), attached hereto, and states as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement and unfair competition arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*; 815 ILCS 505; and Illinois common law. Plaintiff owns exclusive rights in the inventions claimed in ███████████████ ████████████████████████████████████ ██████████████████████████████████████ █████████████ (collectively, "Plaintiff's Patents")).

2.    The USPTO duly issued the ████████, entitled "███████████ ███████████████████████" to inventors ████████████████████ on

1

██████████████. The priority date of the ████████████████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ████████████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity. The ████████████ is and has been valid and enforceable at all times relevant to this action. A true and correct copy of the ████████████ is attached as **Exhibit 1**.

3.     Specifically, ████████████████████████ recites:

████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████

██████████████████████████████████████████████████████████████

████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████.

4.     The USPTO duly issued the ████████, entitled "██████████████████████ ████████████████████████" to inventors ████████████████████████ on ████████████. The priority date of the ████████████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ████████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity. The ████████ is and has been valid and enforceable at all times relevant to this action. A true and correct copy of the ████████ is attached as **Exhibit 2**.

5.     Specifically, ████████████████████ recites:

███████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████

██████████████████████████████████████████

████████████████

████████████████████████

#11159266.7

██████████████████████████████████████████████

████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████.

6.      The USPTO duly issued the ████████, entitled "████████████████████████████████████" to inventors ████████████████████████████████ on ████████████████. The priority date of the ████████████████████. Plaintiff is the owner and assignee of all rights, title, and interest in the ████████ and holds the right to sue at law and recover damages for infringement thereof, including current and past infringement, and to pursue remedies in equity.  The ████████ is and has been valid and enforceable at all times relevant to this action.  A true and correct copy of the ████████ is attached as **Exhibit 3**.

7.      Specifically, ████████████████████ recites:

████████████████████████████



#11159266.7

████████████████████████████████████████████████████

████████████████████████.

8.      The USPTO duly issued the ██████, entitled "████████████████"
to inventor ██████████ on ██████████. The priority date of the ██████ is ██████████.
██████. Plaintiff is the owner and assignee of all rights, title, and interest in the ██████████
and holds the right to sue at law and recover damages for infringement thereof, including current
and past infringement, and to pursue remedies in equity. The ██████████ is and has been valid
and enforceable at all times relevant to this action. A true and correct copy of the ██████████ is
attached as **Exhibit 4**.

9.      Specifically, the claim of the ██████ covers the following ornamental design.



10.     The USPTO duly issued the ██████, entitled "████████████████,"
to inventor ██████████ on ██████████. The priority date of the ██████████
██████. Plaintiff is the owner and assignee of all rights, title, and interest in the ██████████
and holds the right to sue at law and recover damages for infringement thereof, including current
and past infringement, and to pursue remedies in equity. The ██████████ is and has been valid
and enforceable at all times relevant to this action. A true and correct copy of the ██████████ is
attached as **Exhibit 5**.

11.     Specifically, the claim of the ██████ covers the following ornamental design.

12.     Defendants have infringed and continue to infringe Plaintiff's Patents by, without Plaintiff's authorization, making, using, offering to sell and/or selling in the United States, and/or importing into the United States the claimed inventions.

13.     Plaintiff seeks, among other relief, an injunction preventing Defendants from further infringing Plaintiff's Patents, and damages to compensate Plaintiff for Defendants' infringement.

## THE PARTIES

14.     Plaintiff Wacom Co., Ltd. is an entity organized under the laws of Japan with its principal place of business at 2-510-1, Toyonodai, Kazo-shi, Saitama, Japan.   Plaintiff has pioneered the development of ██████████████████████████████.

15.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Defendants use various tactics to conceal their identities and obfuscate the full scope of their operations for Plaintiff to learn Defendants' exact interworking of their infringing network. If Defendants provide additional credible information regarding their exact infringing network, Plaintiff will take appropriate steps to amend the Complaint.

16.     On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly Plaintiff's Patents in the same transaction, occurrence, or series of transactions or occurrences.

17.     Specifically, on information and belief, e-commerce accounts listed on Schedule A all have a relationship, whether formal or informal, with Chinese entity ██████████ ██████████.  The products sold by the e-commerce accounts listed on Schedule A that infringe Plaintiff's Patents (the "Unauthorized Products") are sold under three brands: ██████████ ████████.  USPTO records show that ████████ owns trademarks for ██████████ ████████.  *See* **Ex. 6** (relevant trademark registrations).

18.     Joinder of Defendants is proper pursuant to 35 U.S.C. § 299 because, as outlined herein, Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same accused products.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court also has supplemental jurisdiction over Plaintiff's state statutory and common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

20.     This Court may properly exercise personal jurisdiction over the Defendants because they have purposefully and intentionally availed themselves of the privileges of doing business in Illinois and in this District.  Defendants directly target business activities toward consumers in the United States, including Illinois, through at least their fully interactive, e-commerce stores on Amazon.  Specifically, they have targeted sales to Illinois residents by settings up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products featuring the inventions claimed in Plaintiff's Patents to residents of Illinois.

#11159266.7

21.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district, and additionally under 28 U.S.C. § 1391(c)(3) to the extent Defendants are foreign residents and thus may be sued in any judicial district.

## FACTUAL BACKGROUND

**Plaintiff and Its Patented Products**

22.     Plaintiff is a leader in the field of ███████, which are ██████████████



████████████████████████████. ████████████████████████████

██████████████████████████████. Plaintiff sells products that embody Plaintiff's Patents ("Plaintiff's Products"), including the ██████ both on its own and when used with Plaintiff's ██████████████, directly to consumers through its website (█████████████), through retailers, and through its stores on third-party marketplaces such as Amazon. Plaintiff's Products are marked with Plaintiff's Patents, and Plaintiff provides further notice of Plaintiff's Patents via its webpage, █████████████████.

**Defendant's Unlawful Conduct**

23.     The success of the invention claimed in Plaintiff's Patents has resulted in significant infringement of Plaintiff's Patents. The significant infringement has hampered Plaintiff's ability to generate and expand market share for Plaintiff's Products. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has

9

identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, ("Amazon"), NewEgg.com ("NewEgg"), and Walmart.com ("Walmart"). True and correct copies of the screenshot printouts showing the active e-commerce store operating under the Seller Aliases reviewed are attached as **Exhibit 7**.

24.     Defendants have targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers, including those in Illinois, using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and sells Unauthorized Products to residents of Illinois.

25.     The e-commerce stores operating under the Seller Aliases includes content and images that make it difficult for consumers to distinguish their stores from authorized retailers. Plaintiff has not licensed or authorized any Defendants to use Plaintiff's Patents, and Defendants are not authorized retailers of Plaintiff's products.

26.     It is common practice for e-commerce store operators like Defendants to provide false, misleading, and/or incomplete information to e-commerce platforms when registering the Seller Aliases, which hinders efforts to discover their true identities and understand the full scope of their e-commerce operations.

27.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

28.     E-commerce store operators like Defendants often communicate through QQ.com chat rooms and utilize websites such as sellerdefense.cn, which offer tactics for managing multiple

online marketplace accounts and evading detection by intellectual property owners. These platforms not only provide technical guidance on avoiding enforcement actions but also actively monitor newly filed intellectual property lawsuits in the United States. Upon detection, they alert store operators of impending enforcement by publishing blog posts or bulletins and recommending that operators immediately cease infringing activities, liquidate financial accounts, and switch payment processors to avoid asset restraint.

29.     Notably, Chinese law firms and service agencies play an active role in this process—monitoring U.S. filing systems in real time and using that information to solicit business from accused infringers.

30.     As a result, this ecosystem has evolved into a lucrative industry—not only for the infringing sellers, but also for the service providers who profit from helping them exploit intellectual property loopholes and avoid accountability. Figure 1, for example, is a screenshot taken on October 24, 2025 of SellerDefense, a website that specifically tracks intellectual property lawsuits like this one.  The screenshot shows that a list of Schedule A cases filed as recently as October 21, 2025 in the United States—all in the Northern District of Illinois—as well as QR codes to join WeChat groups and to connect infringing sellers to "Case settlement agency for US law firms."

11



*Figure 1.* Case List 2025, SellerDefense,
https://sellerdefense.cn/allcase2025/ (screenshot taken Oct. 24, 2025)
(translated from Simplified Chinese to English using Google Translate).

31.     Infringers, such as Defendants, typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

32.     Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully infringed Plaintiff's Patents in connection with the use and/or

#11159266.7

manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet

33.     Defendants' unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patents in connection with the distribution, offering for sale, sale, and importing of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiffs' patent rights is irreparably harming Plaintiff.

**Additional Facts Supporting Joinder**

34.     It is clear that the Defendants are connected through a single Defendant named in Schedule A—███████

35.     ███████ owns marks for all three brands that the Unauthorized Products are sold under on each of the e-commerce accounts listed on Schedule A, despite not being listed as the company that owns and operates the e-commerce account.  *See* Ex. 6; *supra* ¶ 17.

36.     On information and belief, ███████ either directly owns and operates the e-commerce accounts listed on Schedule A or is parent or controlling member of the entity/entities which owns and operates the e-commerce accounts listed on Schedule A.

**Irreparable Harm**

37.     Defendants' unlawful actions have caused and continue to cause Plaintiff irreparable harm, namely through price erosion, loss of market share, and loss of current and future sales.

38.     By selling and offering to sell Unauthorized Products on e-commerce stores such as Amazon and other platforms, Defendants are successfully drawing traffic, sales, and market share away from Plaintiff and its online stores selling legitimate Plaintiff's Products.

#11159266.7

39.     Defendants most effectively do this by selling Unauthorized Products at a price point significantly lower than is sustainable for Plaintiff's Products.  Defendants are able to do this in part because they routinely evade tariffs by misclassifying Unauthorized Products under tariff codes associated with ████ rather than ████ when they are imported from China.  For example, at least one Defendant uses Harmonized Tariff Schedule ("HTS") code ████, which corresponds to "████████," when importing Unauthorized Products, even though the Unauthorized Products are more accurately described by HTS code ████ for ████. This leads to a significant difference because all Chinese products are subject to Section 301 tariff unless exempted, but the amount of the additional Section 301 tariff varies based on the HTS classification of the product being imported.  Unauthorized Products imported from China under the incorrect HTS code ████ are subject to a Section 301 tariff of ██ (HTS code ████), whereas Unauthorized Products imported from China under the correct HTS code ████ are subject to a Section 301 tariff of ██ (HTS code ████).  On information and belief, all Defendants use this tactic to artificially lower their prices.  Accordingly, by misclassifying the Unauthorized Products for tariff purposes, Defendants improperly avoid a ████ tariff.

40.     Defendants' improperly lowered prices for the Unauthorized Products have already harmed Plaintiff in irreparable ways.  First, lower prices draw consumers away from Plaintiff's Products, which are fairly priced and legitimately embody the inventions described in Plaintiff's Patents.  Plaintiff thus loses not only traffic and sales related to Plaintiff's Products, but also to other products sold by Plaintiff that consumers would have purchased had they engaged with Plaintiff's online stores.  The impact on Plaintiff's business of the lost sales and traffic (including potential sales garnered therefrom), and the resulting potential loss of goodwill from those sales and traffic is immeasurable.

41.     Second, Defendants' sale of Unauthorized Products is capturing market share that should exclusively belong to Plaintiff, since the Unauthorized Products infringe upon Plaintiff's Patents and Plaintiff should have exclusivity over products embodying Plaintiff's Patents.  Plaintiff occupies approximately 34% of the market share for ████████ and 12% of the market share for ████████.  Defendants occupy 31% of the market share for ████████ and 43% of the market share for ████████.  **Ex. 8** (tables estimating market share based on estimated units sold).  Over the last two fiscal years, Plaintiff has lost 10% of the ████████ market share, while Defendants have gained 10% of the ████████ market share.  *Id.*  In that same period, Plaintiff has also lost at least 3% of the ████████ market share.  *Id.*  On information and belief, some of Plaintiff's lost ████████ market share has been lost to Defendants because of Defendants' sales of Unauthorized Products.  On information and belief, at least half of all of Defendants' ████████████ products are Unauthorized Products.  Thus, the Unauthorized Products occupy at least 15% of the ████████ market share and at least 21% of the ████████ market share.  This market share should exclusively belong to Plaintiff, and the longer Defendant continues to improperly capture Plaintiff's market share, the more difficult it will be for Plaintiff to recover.

42.     Finally, Defendants' lower prices have also forced Plaintiff to try to lower its own prices for Plaintiff's Products in an attempt to compete, resulting in price erosion.

43.     Due to loss of market share, loss of current and future sales, and price erosion, Plaintiff has and continues to suffer irreparable harm from Defendant's unlawful conduct.

## CLAIM I:
## <u>INFRINGEMENT OF U.S. PATENT NO. ████████</u>

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

#11159266.7

45.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ███████.

46.     As shown in the exemplary claim charts attached hereto as **Exhibit 9**, the products being sold by each Defendant infringes at least claim 13 of the ███████. The claim charts of Exhibit 9 are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes claim 13, Plaintiff alleges that Defendants have infringed each and every claim of the ███████.

47.     Specifically, Defendants have infringed and continues to infringe each and every claim of the ███████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed the ███████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

48.     Defendants have profited by their infringement of the ███████, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

49.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ███████ in connection with the offering to sell, selling, or importing of products that infringe the ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling,

#11159266.7

offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

50. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

51. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

52. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**CLAIM II:**

**<u>INFRINGEMENT OF U.S. PATENT NO. ███████</u>**

53. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

54. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ███████.

55. As shown in the exemplary claim charts attached hereto as **Exhibit 10**, the products being sold by each Defendant infringes at least claim 11 of the ███████. The claim charts of Exhibit 10 are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes claim 11, Plaintiff alleges that Defendants have infringed each and every claim of the ███████.

17

56.     Specifically, Defendants have infringed and continues to infringe each and every claim of the ███████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed the ███████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

57.     Defendants have profited by their infringement of the ███████, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

58.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ███████ in connection with the offering to sell, selling, or importing of products that infringe the ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

59.     Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

60.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

#11159266.7

61.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## CLAIM III:
## INFRINGEMENT OF U.S. PATENT NO. ██████

62.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

63.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ██████.

64.     As shown in the exemplary claim charts attached hereto as **Exhibit 11**, the products being sold by each Defendant infringes at least claim 6 of the ██████. The claim charts of Exhibit 11 are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes claim 6, Plaintiff alleges that Defendants have infringed each and every claim of the ██████.

65.     Specifically, Defendants have infringed and continues to infringe each and every claim of the ██████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed the ██████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

66.     Defendants have profited by their infringement of the ██████, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

67.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ███████ in connection with the offering to sell, selling, or importing of products that infringe the ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

68.     Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

69.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

70.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**CLAIM IV:**

**INFRINGEMENT OF U.S. PATENT NO. ███████**

71.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

72.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ███████.

73. As shown in the exemplary claim charts attached hereto as **Exhibit 12**, the products being sold by each Defendant infringes the claim of the ███████. The claim charts of Exhibit 12 are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

74. Specifically, Defendants have infringed and continues to infringe the claim of the ███████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed the ███████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

75. Defendants have profited by their infringement of the ███████, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

76. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ███████ in connection with the offering to sell, selling, or importing of products that infringe the ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

77. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

#11159266.7

78.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

79.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## CLAIM V:
## INFRINGEMENT OF U.S. PATENT NO. ████████

80.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

81.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the ███████.

82.     As shown in the exemplary claim charts attached hereto as **Exhibit 13**, the products being sold by each Defendant infringes the claim of the ███████. The claim charts of Exhibit 13 are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

83.     Specifically, Defendants have infringed and continues to infringe the claim of the ███████ by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. In addition to directly infringing, Defendants have also indirectly infringed the ███████ by actively inducing or contributing to infringement by others, including consumers and downstream sellers, who purchase, use, or resell the infringing products in violation of Plaintiff's exclusive rights.

#11159266.7

84.     Defendants have profited by their infringement of the ███████, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

85.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ███████ in connection with the offering to sell, selling, or importing of products that infringe the ███████, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

86.     Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

87.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ███████, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

88.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## CLAIM VI:
## UNFAIR COMPETITION UNDER 815 ILCS 505/2

89.     Plaintiff hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

#11159266.7

90.     Section 2 of 815 ILCS 505 states "Unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."

91.     Despite Plaintiff having a valid and enforceable patent, which is embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold Unauthorized Products at an improperly low price based on tariff misclassifications that result in Defendants failing to pay a ███ duty that they would have had to have paid if they had correctly classified the Unauthorized Products for tariff purposes.  By pricing their products so much lower than Plaintiff's Products based on fraudulent means, Defendants have deprived Plaintiff of sales and traffic, and further eroded the prices of Plaintiff's Products.

92.     Furthermore, Defendants' infringing activities have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

93.     Defendants' Unauthorized Products and advertising practices have deprived Plaintiff of at least 15% of the ███ market share and 21% of the ███ market share.

94.     Defendants are shipping Unauthorized Products to the United States so that orders on Amazon can be fulfilled quickly, including "Prime" delivery window. *See* Ex. 7 (showing Defendants offer "Prime" shipping).

95.     Defendants' use of at least one Seller Alias through third-party marketplaces permits obfuscation of their identity while continuing to ship Unauthorized Products into the U.S.

96.     On information and belief, Defendants have offered to sell and knowingly sold Unauthorized Products with the understanding that, as a foreign entity, any enforcement efforts by

Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

97.     On information and belief, to the extent enforcement efforts are made against Defendants, Defendants will merely ignore the efforts if they are permitted to move any assets out of their marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

98.     Additionally, since Defendants can obfuscate their identity, there is little to no recourse for Plaintiff through other means, such as the International Trade Commission.

99.     Defendants have engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud U.S. customers with infringing goods and evade legal and financial responsibilities for their infringement.

100.    Specifically, infringers, like Defendants, have been observed engaging in the following unlawful activities:

a.   Exploitation of Marketplace Accounts: Infringers systematically divert funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

b.   Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, infringers promptly close their storefronts to avoid further investigation or legal consequences.

c.   Reopening Under New Entities: After closing the storefronts, infringers frequently reopen new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing their infringing activities.

101. Collectively, these actions constitute unfair competition as infringers fool consumers into purchasing infringing products, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

102. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## CLAIM VII:
## UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

103. Plaintiff hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

104. Despite Plaintiff having a valid and enforceable patent, which is embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold Unauthorized Products at an improperly low price based on tariff misclassifications that result in Defendants failing to pay a ███ duty that they would have had to have paid if they had correctly classified the Unauthorized Products for tariff purposes. By pricing their products so much lower than Plaintiff's Products based on fraudulent means, Defendants have deprived Plaintiff of sales and traffic, and further eroded the prices of Plaintiff's Products.

105. Furthermore, Defendants' infringing activities have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

106. Defendants' Unauthorized Products and advertising practices have deprived Plaintiff of at least 15% of the ███ market share and 21% of the ███ market share.

107. Defendants are shipping Unauthorized Products to the United States so that orders on Amazon can be fulfilled quickly, including "Prime" delivery window. *See* Ex. 7 (showing Defendants offer "Prime" shipping).

#11159266.7

108.    Defendants' use of at least one Seller Alias through third-party marketplaces permits obfuscation of their identity while continuing to ship Unauthorized Products into the U.S.

109.    On information and belief, Defendants have offered to sell and knowingly sold Unauthorized Products with the understanding that, as a foreign entity, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

110.    On information and belief, to the extent enforcement efforts are made against Defendants, Defendants will merely ignore the efforts if they are permitted to move any assets out of their marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

111.    Additionally, since Defendants can obfuscate their identity, there is little to no recourse for Plaintiff through other means, such as the International Trade Commission.

112.    Defendants have engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud U.S. customers with infringing goods and evade legal and financial responsibilities for their infringement.

113.    Specifically, infringers, like Defendants, have been observed engaging in the following unlawful activities:

    d.    Exploitation of Marketplace Accounts: Infringers systematically divert funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

    e.    Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, infringers promptly close their storefronts to avoid further investigation or legal consequences.

#11159266.7

     f.    Reopening Under New Entities: After closing the storefronts, infringers frequently reopen new business entities or storefronts under different names, thereby circumventing legal and financial accountability and continuing their infringing activities.

114.    Collectively, these actions constitute unfair competition as infringers fool consumers into purchasing infringing products, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

115.    Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    A preliminary and permanent injunction enjoining, restraining and ordering Defendants, and their officers, agents, servants, attorneys, and other persons who are in active concert or participation with them:

    a.    To cease making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patents.

    b.    To cease aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patents.

B.    Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, NewEgg, and Walmart, shall disable and cease displaying any

#11159266.7

advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patents;

C.     A judgment that Defendants have infringed each of Plaintiff's Patents in violation of 35 U.S.C. § 271;

D.     An award of damages to Plaintiff for Defendants' infringement of Plaintiff's Patents in an amount to be proven at trial, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. § 284, together with interests and costs;

E.     A judgment that Defendants' infringement of Plaintiff's Patents has been willful;

F.     An award of treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's Patents;

G.     A declaration that this case is exceptional under 35 U.S.C. § 285;

H.     A finding that Defendants engaged in unfair competition;

I.     An award to Plaintiff of reasonable attorneys' fees and costs; and

J.     Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Blackstrap hereby demands a trial by jury of all issues so triable.

#11159266.7

DATED this 17th day of November 2025.

/s/ *Sameeul Haque*

Sameeul Haque
Haque III Legal Practice, LLC
205 N. Michigan Ave., Ste. 810
Chicago, IL 60601
Tel. 847.401.6113
samee@h3lp.law

Syed M. Abedi (pro hac vice forthcoming)
Emily M. Ross (pro hac vice forthcoming)
Seed Intellectual Property Law Group LLP
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Tel. 206-622-4900
SyedA@seedip.com
Emily.Ross@seedip.com

*Attorneys for Plaintiff*
*Wacom Co., Ltd.*

#11159266

#11159266.7

## **VERIFICATION**

I, Naoki Watanabe, hereby certify as follows:

1.      I am the Director of Intellectual Property for Wacom Co., Ltd. As such, I am authorized to make this Verification on Wacom Co., Ltd.'s behalf.

2.      I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3.      I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.


Executed in Tokyo, Japan, on  November 17, 2025.

Naoki Watanabe
Wacom Co., Ltd.